IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01893-BNB

STEVEN WILSON,

Applicant,

v.

BILL RITTER, Colorado Governor,
ARISTEDES ZAVARAS, Colorado DOC Executive Director,
WARDEN, Arkansas Valley Correctional Facility,
COLORADO ATTORNEY GENERAL, and
CALIFORNIA DEPT. OF CORRECTIONS, Exec. Dir.,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 12 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Steven Wilson is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Wilson has filed **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a detainer filed against him by the California Department of Corrections. As relief Mr. Wilson seeks to prevent his transfer to the State of California pursuant to the California detainer.

The Court must construe the application liberally because Mr. Wilson is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a **pro se** litigant. See **Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

The Court notes initially that Mr. Wilson has named a number of improper Respondents in this habeas corpus action. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). Because Mr. Wilson is incarcerated at the Arkansas Valley Correctional Facility, it appears that the warden of that facility is the only proper Respondent in this action.

Mr. Wilson alleges that he was arrested and charged with robbery in California in 1988. He further alleges that, after he was convicted of that offense in California state court but before he was sentenced, he fled to Colorado where he was arrested in December 1988. Mr. Wilson asserts that extradition proceedings were initiated in Colorado and that he also was charged with new criminal offenses in both the Adams County District Court and the Denver District Court. Mr. Wilson contends that he was sentenced in both Colorado cases in September 1989 and that he was transported to a prison in Cañon City, Colorado, to serve his Colorado sentences in October 1989. Mr. Wilson maintains that he finally was extradited to California in April 1990 for sentencing in his original case and to face new charges for his escape. He further maintains that he was convicted of escape in California and that both California sentences were ordered to run consecutively to the Denver District Court sentence.

In April 1991 Mr. Wilson was returned to Colorado to serve his Colorado sentences and the California Department of Corrections issued a detainer based on the California sentences that were ordered to be served consecutively to the Denver District

Court sentence. The California Department of Corrections issued an amended detainer in August 2007. On July 17, 2009, the Colorado Parole Board granted Mr. Wilson parole in his Colorado cases with an effective release date of August 17, 2009. The Notice of Colorado Parole Board Action, a copy of which is in the Court's file, indicates that Mr. Wilson is subject to a pending detainer.

Mr. Wilson asserts three claims for relief in his habeas corpus application claiming that Colorado lacks authority either to hold him on the California detainer or to surrender him to California prison officials when he is released from his Colorado sentences. Although not entirely clear, Mr. Wilson apparently argues that Colorado lacks authority either to hold him or to surrender him to California prison officials in accordance with the California detainer because his extradition to California in 1990 was flawed for various reasons. Mr. Wilson does not assert any claims directly challenging the validity of either his Colorado convictions and sentences or his California convictions and sentences. He also does not claim that he is entitled to be released by Colorado prison officials prior to the August 17, 2009, effective date of his release on parole.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). There is no question that

Mr. Wilson is in custody. However, he fails to demonstrate that his custody is illegal as a result of the California detainer he is challenging.

"A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." **Carchman v. Nash**, 473 U.S. 716, 719 (1985). "Detainers generally are based on outstanding criminal charges, outstanding parole or probation-violation charges, or additional sentences already imposed against the prisoner." *Id.* The detainer Mr. Wilson is challenging in this action is based on additional sentences already imposed on him in California.

Mr. Wilson is not entitled to relief in this action because he fails to demonstrate that the California detainer he is challenging is not valid. As noted above, Mr. Wilson apparently contends that his extradition to California in 1990 was flawed for various reasons, but it is not clear how his flawed extradition invalidates the California detainer. The allegedly flawed extradition may have been a defense available to Mr. Wilson in the California criminal proceedings in 1991, but Mr. Wilson makes no claim in this action challenging the validity of the California convictions and sentences. Furthermore, the Court must presume that the California convictions are valid. **See Parke v. Raley**, 506 U.S. 20, 29-30 (1992) (noting the "presumption of regularity" that attaches to final judgments). Therefore, because Mr. Wilson fails to demonstrate that the California detainer, which is based on the presumptively valid California convictions and sentences, is not valid, the habeas corpus application must be denied.

Finally, Mr. Wilson also has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Emergency Motion for a Temporary Restraining Order. The motion to proceed *in forma pauperis* pursuant to § 1915 will be denied as moot because Mr. Wilson paid the filing fee. The motion for a temporary restraining order will be denied as moot because the action will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and the Emergency Motion for a Temporary Restraining Order filed on August 10, 2009, are denied as moot.

DATED at Denver, Colorado, this 12 day of Aug., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01893-BNB

Steven Wilson
Prisoner No. 61564
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/12/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk